IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORINTHIA WILLIAMS, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-596 |
| | § | |
| FORT BEND COUNTY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before this Court is Brian Meyer's ("Defendant") Motion for Protection and to Stay Discovery Pending Determination of Qualified Immunity. (Doc. No. 26). Corinthia Williams ("Plaintiff") responded in opposition, (Doc. No. 34), and Defendant replied, (Doc. No. 35). Also pending before this Court is Plaintiff's competing Motion to Compel Defendant's Deposition. (Doc. No. 27). Defendant responded in opposition, (Doc. No. 32), but Plaintiff did not file a reply. Having considered the motions, pleadings, and the applicable law, the Court **GRANTS** Defendant's Motion to Stay Discovery, (Doc. No. 26), and **DENIES** Plaintiff's Motion to Compel, (Doc. No. 27).

In this § 1983 suit, Plaintiff alleges that Defendant violated her Fourth and Fourteenth Amendment rights for entering Plaintiff's home and detaining Plaintiff without a warrant or probable cause and for excessive force. (Doc. No. 20 at 4–6). Relying primarily on a body-worn camera footage, Defendant has moved this Court for summary judgment based on his qualified immunity defense. (Doc. No. 28). Notably, Plaintiff timely responded to the summary-judgment motion, also relying heavily on Defendant's body-camera footage already in the record, and did not request that this Court defer ruling on the motion until discovery that she seeks to compel is completed. (Doc. No. 34); *see also* FED. R. CIV. P. 56(d).

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). That is because qualified immunity is more than "a mere defense to liability," but rather, "an immunity from suit." *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022). Consequently, if and only if "further factual development is necessary to ascertain the avidity of that [qualified-immunity] defense" are district courts authorized to allow "discovery narrowly tailored to rule on defendants' immunity claims." *Id.* (internal quotes and citations omitted).

Here, further factual development is not necessary to rule on the qualified-immunity defense. First, Plaintiff never objected to any lack of evidence to justify its opposition to the motion for summary judgment. Second, the record already contains an uncontroverted and incontrovertible video footage of the incident. Third, Plaintiff seeks to compel a deposition of Defendant, but Plaintiff has not identified what objective facts, on top of the video evidence already in the record, the deposition would help reveal. Moreover, any subjective perspective of Defendant that could possibly be obtained is irrelevant in a qualified-immunity analysis because, "in addressing qualified immunity, the test is *objective reasonableness*." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 328 (5th Cir. 1998) (emphasis in original).

Therefore, the Court **GRANTS** Defendant's Motion to Stay Discovery, (Doc. No. 26), and **DENIES** Plaintiff's Motion to Compel, (Doc. No. 27). The case deadlines are **VACATED** until further order of this Court.

It is so ordered.

Signed on this the 2\_1st\_ day of February 2025.

Andrew S. Hanen
United States District Judge